IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ESTATE OF PAMELA KAY WILLIAMS, ET AL.**                                **PLAINTIFF**

v.                                                    CIVIL ACTION NO. 3:17cv253-MPM-RP

**UNITED STATES OF AMERICA**                                               **DEFENDANT**

## ORDER GRANTING MOTION TO STRIKE

The defendant has moved to strike plaintiff's expert, Craig A. Allen, F.C.A.S. because to date, plaintiff has not produced an expert report as required by Federal Rule of Civil Procedure 26. Docket 51. The plaintiff's deadline to designate experts was July 29, 2019 and on July 26, 2019 plaintiff filed a "bare-bones" designation of Craig Allen. Docket 49. Allen's designation included a brief statement that he "may be called to testify and provide his opinions regarding the economic damages to the Plaintiff due to the loss of earnings of Pamela Kay Williams" as well as his curriculum vitae and an engagement letter. Docket 51, Exhibit A. However, the designation did not contain a report prepared and signed by the witness and containing the required information, such as a statement of the witness's opinions and the basis and reasons for them. The court finds the defendant's motion is well taken and should be granted.

The purpose of the mandatory disclosure requirement of Rule 26 is to ensure that the parties are not surprised by new witnesses, exhibits or other evidence on the eve of trial. Specifically, "[t]he purpose of Rule 26(a) is to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Guthrie v. Quitman County Hosp., LLC*, No. 3:13-CV-244-M-A, 2014 WL 8276240, *2 (N.D. Miss. Oct. 27, 2014). Rule 26(a)(2) requires a party to disclose very

1

particular information including, among other things, the identity of any expert witness it may use at trial and a written, signed report from the expert. In addition, Local Uniform Civil Rule 26(a)(2) requires that

> [a] party must make full and complete [expert] disclosure as required by Fed.R.Civ.P. 26(a)(2) and L.U.Cɪᴠ.R. 26(a)(2)(D) no later than the time specified in the case management order . . . . Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial. . . .
>
>> (B) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court.

The Fifth Circuit has set out the following four factors that a district court must consider when determining whether to strike a witness:

> (1) the explanation, if any, for the party's failure to comply with the . . . order;
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
> (3) the possibility of curing such prejudice by granting a continuance; and
> (4) the importance of the witnesses' testimony.

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

The plaintiff clearly has not complied with Rule 26(a)(2) in that he has not provided a report written and signed by Mr. Allen that contains the most critical components of the designation. The plaintiff's expert designation remains lacking even after an extension of the expert designation deadline.

Considering the first *Barrett* factor, the plaintiff's explanation for the failure to properly designate Mr. Allen is insufficient. The plaintiff has indicated that Mr. Allen will provide his expert report at some point in the future, but plaintiff does not indicate when defendant can expect that report and over six weeks have passed since the improper designation. The plaintiff's response noted the original retained expert withdrew his/her services days before the

initial deadline, resulting in plaintiff requesting and obtaining an extension. However, the plaintiff has offered no explanation for why he did not request an additional extension when he retained a new expert and realized he would not be able to comply with Rule 26 by the deadline, nor has the plaintiff stated when his expert's report can even be expected. This factor weighs in favor of excluding the plaintiff's expert.

As to the prejudice to the defendant of allowing the plaintiff's expert to testify, the defendant is unable to obtain any rebuttal testimony from its own experts because it does not know the facts known and opinions held by the plaintiff's expert. Even if this information were to be disclosed, the defendant's deadline for designating its expert witnesses has expired, so the unfair prejudice that would result in allowing plaintiff's expert to testify could not be clearer. This factor favors excluding the plaintiff's expert.

As to the possibility of curing the prejudice by granting a trial continuance, no continuance has been requested, and in any event the plaintiff's expert's report still has not been provided and no representation has been made as to when it can be expected, so the court can only speculate whether a continuance might cure the prejudice. Also, one can imagine other forms of prejudice, such as unnecessary delay and increased expenses of defending this litigation, that the defendant might cite in opposition to a request for a continuance. This factor favors excluding the plaintiff's expert.

As to the importance of the witness, clearly the plaintiff's expert witness on economic damages is vital to the plaintiff's claim for that element of damages, particularly alleged lost future earnings. However, the testimony of this witness would have no bearing on the issue of the defendant's fault in this case or on the other elements of recoverable damages. There is no doubt the plaintiff's expert is an important witness from a damages standpoint, but the plaintiff's

entire case does not depend on this witness, whose importance, although certainly significant, does not alone outweigh the other factors discussed above.

      For the above reasons, the defendant's Motion to Strike the expert designation of Craig A. Allen is GRANTED, and that witness will not be allowed to testify at trial.

      SO ORDERED, this the 17th day of September, 2019.

                                                  /s/ Roy Percy  
                                                  UNITED STATES MAGISTRATE JUDGE