IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ESTATE OF PAMELA KAY WILLIAMS,**
deceased, by and through Administrator,
**Cooper Williams, II and Next Friend, Jeremy A. Williams**     **PLAINTIFF**

**v.**     **CIVIL ACTION NO. 3:17cv253-MPM-RP**

**UNITED STATES OF AMERICA**     **DEFENDANT**

## ORDER GRANTING MOTION TO STAY

The United States of America has requested an emergency stay pending the determination of plaintiff's Federal Employees' Compensation Act ("FECA") claim. Docket 78. Plaintiff originally filed a FECA claim on January 12, 2017, that was subsequently denied by defendant. Following plaintiff's production during discovery in this case of a recorded telephone conversation and the Order to Continue Hearing and Extend Ex Parte Emergency Domestic Abuse Protection Order, the FECA claim is being reconsidered.

The USA contends that the federal court proceedings should be stayed pending a determination of plaintiff's FECA claim as an award of FECA benefits is an exclusive remedy. Docket 78, p 5; *see also* Docket 16, Footnote 4. Plaintiff argues that defendant should not be allowed to reopen the FECA claim as that "would be a violation of constitutional due process and fundamental fairness." Docket 79, p. 3. Plaintiff argues that this case is not a proper FECA claim and therefore, a stay would be improper.

There is much discussion by both plaintiff and defendant concerning the discovery of the recently produced information and the intentions of both sides. For purposes of this motion, the reasons why documents were only recently produced or whether defendant could have obtained

1

them on its own are immaterial, as the fact remains that the FECA claim has been reopened and is being reconsidered. This court does not have the authority to prevent that from occurring even if it deemed it proper to do so.

The undersigned has reviewed the Motion (Docket 78), as well as the Response (Docket 79), the defendant's Reply (Docket 80), the plaintiff's Supplemental Response (Docket 81), the plaintiff's Second Supplemental Response (Docket 83) and plaintiff's Third Supplemental Response (Docket 85), and concludes that the Motion to Stay should be GRANTED.

Other courts have held that "[w]hile the question of FECA applicability remains open, the court lacks subject matter jurisdiction over the . . . FTCA claim." *Gill v. United States*, 2009 WL 3152892, *3 (Dist. Mass. Sept. 25, 2009). Pursuant to 5 U.S.C. § 8158, the Secretary of Labor "may review an award for or against payment of compensation at any time on his own motion." Additionally, the Supreme Court has held that a federal court "cannot question or look behind the OWCP's decision to vacate its prior determination and to reconsider the question of FECA coverage." *Id; citing Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90, 112 S.Ct. 486, 116 L.Ed.2d 405(1991) ("FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage.").

It is clear to the court that the Secretary of Labor is within his authority to reconsider the denial of plaintiff's FECA claim and has elected to do. It is also clear that there is a question of whether this court has subject matter jurisdiction to review plaintiff's claims while the question of FECA applicability remains open. Therefore, a stay of plaintiff's case pending a determination by the Secretary of Labor is proper. Consequently, this case is hereby **STAYED** pending the final determination by the Secretary of Labor.

Counsel are directed to notify the undersigned within seven days of the Secretary's decision. Further, counsel are instructed to file a status report as to the FECA proceedings on January 17, 2020 and every three months thereafter.

The parties have also filed a joint Motion to Extend CMO deadlines. Docket 87. In light of the stay ordered herein, that motion is DENIED as moot. Once a determination has been made by the Secretary of Labor and the stay in this case is lifted, the court will consider resetting the remaining scheduling deadlines.

SO ORDERED, this the 17th day of October, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE